**Ambrose V. McCALL, Jr., trustee in Bankruptcy of Recine Way Restaurant, Inc., Appellee,**

**v.**

**Stephen H. GAMP, Jr., Appellant.**

**No. 372, Docket 27540.**

United States Court of Appeals Second Circuit.

Argued May 24, 1962.

Decided May 24, 1962.

---

**712**

Bernard A. Grossman, New York City, for appellee.

Noel W. Hauser, Brooklyn, New York (Garvar & Hauser, Brooklyn, on the brief), for appellant.

Before LUMBARD, Chief Judge, and SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

We affirm in open court the order of the District Court for the Southern District of New York adjudging appellant, Stephen H. Gamp, to be in contempt for his refusal to answer certain questions during his examination pursuant to section 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, and to comply with certain directions of the Referee. The district court also directed the marshal to hold Gamp for a period of up to six months unless he discloses the whereabouts of the funds, surrenders data of the bankrupt in his possession and turns over to the trustee $3,190.

The certificate of the Referee in Bankruptcy accompanying the order to show cause alleged that appellant Gamp who had been the president of a bankrupt corporation was examined by the Referee in Bankruptcy. During the examination it was established that Gamp's operation of the bankrupt business—a period of less than two months—he received deposits from customers of the bankrupt corporation of approximately $10,000.

The certificate set forth the following questions by the Referee and answers by the appellant:

"Q. Where is the money you have in cash? A. I have the money put away in a safe place, but I can deliver it to you on Thursday.

"Q. Whom did you give it to? Did you give it to Neclario? A. I have no intention of answering that question.

"The Referee: I direct you to answer the question. Do you have in your possession or under your control the ten thousand dollars approximately that you stated earlier today you have?

"A. Yes, Your Honor.

"The Referee: Where is it?

"A. I cannot answer that.

"The Referee: Why can't you answer it?

"A. I have a reason not to answer it.

"The Referee: What is your reason?

"A. I don't want someone involved. * * *

"The Referee: I direct you to answer the question.

"A. I can't answer it. * * *

"The Referee: I will give you ten minutes to think it over. The question is a material one; the examiner has a right to an answer to that question; and, unless the answer will incriminate you, you are bound to answer it.

\* \* \* \* \* \*

"The Referee: The Court is now directing him (the witness) to turn over those monies, whether he received them on behalf of the bankrupt in trust or as property outright of the bankrupt. He is being directed to turn them over.

"Now, the inquiry is: Where is the money.

"A. I can't answer that question.

"The Referee: (to counsel) You may present a certificate certifying this witness for contempt for refusing to answer the question."

Gamp filed an affidavit in opposition alleging that he had collected $5,185. as deposits from customers, had kept these funds separate from other funds, had turned that sum over to the trustee and concluded that the matter was now "academic." An itemized schedule submitted by the trustee showed in detail sums of money in the total of $8,290. which had been collected by Gamp.

The District Judge found Gamp in contempt and ordered him imprisoned unless he disclosed the identity of the person who had the $10,000. or disclosed the whereabout of the funds, surrendered to the trustee all books, papers, records and data in his possession or control and turned over to the trustee the sum of $3,-190.

Gamp appeals on two main grounds: (1) he was not given an opportunity to give oral testimony and, (2) the record does not support the order to turn over the $3,190. to the trustee. The first point is without substance. Appellant received adequate notice of the hearing and his attorney was present. It was admitted in this Court that appellant was not present at that hearing in the District Court and no request was made to take any testimony or further proof. Obviously, this ground of complaint was an afterthought. On the second point the record shows that Gamp, in testifying before the Referee, admitted collecting approximately $10,000. After the motion to punish for contempt he sought to escape liability by producing $5,185. The schedule submitted by the trustee showed at least $8,290. Consequently, Gamp having sought to escape liability on the basis of a particular sum of money the district judge ordered him to turn over the difference between his figure and the trustee's figure. The record amply supports the order of the district court.

The judgment is affirmed and it is further ordered that the mandate shall issue immediately.